IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROSE MARY BATSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:99-CV-324 (CAR) |
| | : | SOCIAL SECURITY APPEAL |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **RECOMMENDATION OF DISMISSAL**

Plaintiff filed the current action on August 20, 1999, alleging that the Commissioner improperly denied Plaintiff's request for an administrative hearing. (R-1). On December 28, 1999, Defendant filed an Answer to said complaint. (R-5). On January 31, 2000, Defendant filed a Motion to Remand under Sentence Six of section 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. 405(g) and 1383(c)(3). (R-8). On February 7, 2000, the Motion for Remand was granted. (R-9).

On July 3, 2007, the Defendant filed a Motion to Reopen Case (R-10), and filed a Transcript of the Administrative Hearing (R-11). On September 10, 2007, a text order was entered granting the Motion to Reopen Case. On that same date, the clerk of court certified that she sent a copy of the Order on Motion to Reopen case. On September 17th and 19th, 2007, said mail was returned as undeliverable to the attorney of record. On January 30, 2008, the clerk of court certified that she again sent by mail a copy of the Order on the Motion to Reopen Case and sent a letter to the attorney of record regarding the need to register for CM/ECF in the Middle

District of Georgia. (R-14). On February 4, 2008, the clerk of court's mail was again returned as undeliverable. (R-15). On February 7, 2007, the Defendant filed a Motion to Dismiss for Lack of Prosecution. (R-16). The Defendant documented in his Motion to Reopen the Case and Motion to Dismiss the efforts made to contact the attorney of record. (R-10 and R-16). On February 8, 2008, the court issued an Order to Show Cause why the case should not be dismissed for lack of prosecution. (R-17). On March 2, 2008, Plaintiff's counsel filed a Response to the Order to Show Cause stating that he had never received the Motion to Re-Open the Case (R-10), or the September 10, 2007, Order granting the Motion to Re-open the Case. (R-18). Plaintiff's counsel requested a copy of the November 1, 2005, transcript and a reasonable amount of time for submission of an Amended Complaint to be filed after receipt of the transcript. (R-18). On May 6, 2008, the court issued an Order denying the Motion to Dismiss for Lack of Prosecution and Ordered that Plaintiff's counsel be re-served. (R-19). In said Order, the court stated:

> . . . Rule 41(b) of the *Federal Rules of Civil Procedure* allows an action to be dismissed for failure to prosecute, which would include the failure to keep the court apprised of a party's current whereabouts. Counsel failed to comply with the affirmative duty to keep the court apprised of his current address. However, Counsel has now registered for electronic filing and states that there should be no future issue as to receiving documents filed in this case.
> This case has been re-opened for nearly eight months and yet, nothing substantive has been filed which would allow the case to proceed on the merits. To keep this case on track, while acknowledging that the Defendant is not responsible for the lack of service, the court hereby ORDERS Defendant to re-serve Plaintiff with a copy of the administrative hearing transcript requested (See R-18). Defendant is further ORDERED to file notice of service of

2

such with the court. **Plaintiff is ORDERED to file an amended complaint within twenty (20) days from receipt of service of the transcript**, or this case will be DISMISSED under Rule 41(b) for failure to prosecute.

(Emphasis added). On May 8, 2008, the Defendant filed a response stating that Plaintiff's counsel would be re-served with a copy of the administrative hearing transcript by certified mail and that said certified mail receipt would be filed with the court. (R-20). On May 21, 2008, the Defendant filed a "Notice of Service" (R-22), which included a copy of a certified mail receipt showing that the transcript was received at Counsel Cantrell's address on May 16, 2008, by a Donna Cantrell (R-22-2). Therefore, Plaintiff's counsel had until Thursday, June 5, 2008, to file an amended complaint. To date, no brief has been filed by the Claimant.

**WHEREFORE**, it is hereby RECOMMENDED that the above-styled case be DISMISSED for the Plaintiff's failure to prosecute her appeal and her failure to comply with an Order of the court.

SO RECOMMENDED, this the 7th day of July, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc